# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MICHAEL A. MAHONE,          )
            )
          Petitioner,        )
            )
          v.              )      No. 4:16CV1870 HEA
            )
DOUGLAS PRUDDEN,          )
            )
          Respondent,      )

## OPINION, MEMORANDUM AND ORDER

The Court ordered petitioner to show cause why his petition should not be denied as barred by the statute of limitations. After reviewing petitioner's response, the Court finds that this action should be dismissed. *See* 28 U.S.C. § 2254, Rule 4.

### Background

On April 26, 2011, petitioner was indicted on one charge of theft/stealing of property or services valued above $500. *Missouri v. Mahone*, No. 1122-CR01559-01 (St. Louis City). He pled guilty on May 9, 2012. On October 26, 2012, the court sentenced him to seven years' imprisonment. He did not file an appeal.

Petitioner did not file a Rule 24.035 motion until September 12, 2016. *Mahone v. Missouri*, No. 1622-CC10512 (St. Louis City). The motion is currently pending before the court.

Petitioner filed the instant petition on November 21, 2016, which is the date he placed it in the prison mail system.

### Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment became final on November 5, 2012, which was ten days after the judgment was entered. *See* Mo. R. Civ. P. § 81.04(a). He did not take any action on the judgment until September 2016. So, the limitations period expired on November 5, 2013.

Petitioner argues that the petition is timely for two reasons. First, he claims that a recent decision from the Missouri Supreme Court, *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc September 20, 2016), reopened the time for filing the petition. Second, he claims he filed a timely motion for postconviction relief after his sentence became final.

*Bazell* cannot reopen the time for filing a federal habeas petition under § 2244(d)(1)(C) because it was not issued by the United States Supreme Court. Therefore, petitioner's first argument fails.

Despite petitioner's attention to the contrary, he did not file a timely motion for postconviction relief. He says he filed a timely motion for postconviction relief on April 15, 2013, *Mahone v. Missouri*, No. 13SL-CC01449 (St. Louis County). However, that motion contested the validity of his 2008 conviction for forgery, *Missouri v. Mahone*, No. 08SL-CR01376-01 (St. Louis County). So, he has failed to show that this action was timely filed, and the petition must be denied.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed forthwith.

Dated this 9th day of February, 2017

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE